IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MESERET ABERU, professionally
known as Meseret Belete

    v.                 :  Civil Action No. DKC 26-246

AMBAW SOLOMON a/k/a Hope
Music Ethiopia

**MEMORANDUM and ORDER**

Plaintiff Meseret Aberu ("Plaintiff") commenced this action alleging copyright infringement on January 21, 2026, and paid the filing fee on January 30, 2026. (ECF No. 1). She claims to be the owner of an original musical work that Defendant Ambaw Solomon, a/k/a Hope Music Ethiopia ("Defendant"), published on YouTube without authorization. Plaintiff submitted a "takedown" notice pursuant to the Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. § 512, and Defendant filed a counter notification requesting reinstatement.

After paying the filing fee, Plaintiff filed a motion for alternative service on February 27, 2026, requesting authorization for service by email on Defendant, a resident of Finland. (ECF No. 8). Plaintiff states that she initiated service through Finland's Central Authority pursuant to the Hague Service Convention, but that process remains pending. (*Id.* at 1). She also reports that Defendant's counter-notification form contains

his current email address.  (*Id.*).  She cites Fed.R.Civ.P. 4(f) which authorizes service on an individual in a foreign country

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> (C) unless prohibited by the foreign country's law, by:
> (i) delivering a copy of the summons and of the complaint to the individual personally; or
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> (3) by other means not prohibited by international agreement, as the court orders.

As will be explained, Plaintiff's request to serve Defendant in Finland by email may be meritorious but there is a significant question whether this court may exercise personal jurisdiction over Defendant based on the current record.  Accordingly, Plaintiff will be directed to show cause why this case should not be transferred to the United States District Court for the Northern District of California.

Plaintiff's complaint recites that she initiated a process under the DMCA to have the allegedly offending work removed. (ECF No. 1, at 1).  Her action triggered Defendant's option to provide a counter notification pursuant to 17 U.S.C. § 512(g)(3), which provides:

> To be effective under this subsection, a counter notification must be a written communication provided to the service provider's designated agent that includes substantially the following:
> (A) A physical or electronic signature of the subscriber.
> (B) Identification of the material that has been removed or to which access has been disabled and the location at which the material appeared before it was removed or access to it was disabled.
> (C) A statement under penalty of perjury that the subscriber has a good faith belief that the material was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled.
> (D) The subscriber's name, address, and telephone number, and a statement that the subscriber consents to the jurisdiction of Federal District Court for the judicial district in which the address is located, or if the subscriber's address is outside of the United States, for any judicial district in which the service provider may be found, and that the subscriber will accept service of process from the person who provided notification under subsection (c)(1)(C) or an agent of such person.

Plaintiff attached what purports to be Defendant's counter notification that includes his name, address in Finland, telephone

3

number, and email address.  (ECF No. 8-1).  The form includes the required language that he consents to the jurisdiction of the Federal District Court for the district in which his address is located, or if his address is outside the United States, the district in which YouTube is located, and "will accept service of process from the claimant."  (*Id.* at 1).

This language and process have been found sufficient to authorize service by email, as long as the country of residence has not objected to such service as part of its participation in the Hague Convention.  *Cordova v. Huneault*, No. 25-cv-04685, 2025 WL 2637504, at *1 (N.D.Cal. Sep. 12, 2025).  This alternative means of service must also comport with due process:

> [T]o establish that service by email is appropriate, the moving party must show service by email is (1) not prohibited by international agreement, and (2) reasonably calculated to provide defendants with actual notice.  *Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, No. 8:15-cv-0246-DOC (DFMx), 2016 WL 1251008, at *2 (C.D. Cal. Mar. 25, 2016) (collecting cases); *William-Sonoma Inc. v. Friendfinder Inc.*, No. C 06-06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007).

*MacroCharts Rsch. LLC v. Chou,* No. 25-cv-06447, 2026 WL 192661, at *2 (N.D.Cal. Jan. 26, 2026).  The Hague Service Convention does not preclude authorization of service by email and Finland does not appear to have objected to those portions of the Convention.

4

*Finland – Central Authority & Practical Information*, HCCH (Nov. 15, 2023), https://www.hcch.net/en/states/authorities/details3/?aid=255 [https://perma.cc/UQ8M-F8Z9].

Accordingly, Plaintiff's request to authorize email service is well taken.  The problem, though, is whether this district is the proper one to consider the request, and, more broadly, whether this court can exercise personal jurisdiction over Defendant or whether venue ought to be transferred.

The general venue statute, 28 U.S.C. § 1391(b), provides that "[a] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  Under 28 U.S.C. § 1406(a), "a case laying venue in the wrong division or district" may be dismissed, or "if it be in the interest of justice," transferred "to any district or division in which it could have been brought."

Defendant does not reside in the United States and none of the acts occurred here in Maryland.  Accordingly, venue is proper only where Defendant is subject to personal jurisdiction.  The same process which purportedly gives rise to permitted email service also requires consent to jurisdiction "where YouTube is located."  That is not the district of Maryland.[1]  It may be the Northern District of California:

> Other cases where the district court found the defendant consented to jurisdiction pursuant to a YouTube DMCA counter-notification indicate that YouTube is "located" in the Northern District of California.  *See, e.g.*, *Moonbug Ent. Ltd. v. HappyKidsTV*, No. 22-CV-03203-TLT, 2022 WL 18859471, at *5 (N.D. Cal. Dec. 15, 2022); *Epic Games, Inc. v. Mendes*, No. 17-CV-06223-LB, 2018 WL 2926086, at *5 (N.D. Cal. June 12, 2018) ("YouTube is located in the Northern District of California"); *Crunchyroll, Inc. v. Pledge,* No. CV 11-2334-SBA, 2014 WL 1347492, at *6 n.2 (N.D. Cal. Mar. 31, 2014) (identifying YouTube's principal place of business as San Bruno, California); *Shropshire v. Canning*, No. 10-CV-01941-LHK, 2011 WL 90136, at *5-6 (N.D. Cal. Jan. 11, 2011).  Indeed, YouTube's "Contact Us" page lists a contact address in

---

[1] There is an additional reason to examine personal jurisdiction: "In order for injunctive relief against a defendant to be valid, a court must have personal jurisdiction over the defendant." *Mishra v. Doe*, No. 26-cv-111, 2026 WL 526694, at *2 (E.D.N.C. Feb. 25, 2026) (citing *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014)).

San Bruno, California.   To Decl. at ¶ 6,
Exhibit 3 at 42–43.

*LTN Media LLC v. Bihaco Commc'n Trading & Servs. Corp.*, No. 24-cv-1153, 2025 WL 3190869, at *4 (C.D.Cal. Sep. 30, 2025); *see also Viral DRM, LLC v. Unknown Counter Notificants*, 688 F.Supp.3d 1271, 1276–77 (N.D.Ga. 2023)("The federal district 'in which YouTube is located' is most reasonably understood to be the Northern District of California, the district containing YouTube's San Bruno, California headquarters, which is the address listed on the counternotices." (citations omitted)).

Accordingly, it is this 16th day of March, 2026, by the United States District Court for the District of Maryland, ORDERED that:

1.   Plaintiff is directed to show cause, within 21 days, why this case should not be transferred to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1406(a); and

2.   The Clerk is DIRECTED to transmit a copy of this Order to Plaintiff.

/s/
DEBORAH K. CHASANOW
United States District Judge
