UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MESERET ABERU,<br>Plaintiff,<br>v.<br>AMBAW SOLOMON,<br>Defendant. | Case No. 26-cv-03160-AGT<br><br>**ORDER ON MOTION FOR ALTERNATIVE SERVICE OF PROCESS**<br><br>Re: Dkt. No. 8 |

Plaintiff initiated this civil action in the United States District Court, District of Maryland, alleging copyright infringement. She alleges she is the owner of an original musical work that Defendant published on YouTube without authorization. Dkt. 1, Compl. ¶¶ 3–4. Plaintiff provided YouTube with a takedown notice, and Defendant submitted a counter-notice requesting reinstatement of the video. *Id.* ¶¶ 5–6; *see also* 17 U.S.C. § 512 (governing takedown notices under the Digital Millennium Copyright Act ("DMCA")).

The presiding judge in Maryland transferred the case to the Northern District of California. Dkt. 12. Prior to the transfer, Plaintiff had filed a motion for alternative service of process. Dkt. 8. Defendant resides in Finland. *Id.* Plaintiff initiated service under the Hague

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 [hereinafter the Hague Service Convention or the Convention] but that process remains pending. *Id.* To expedite service, Plaintiff requested Court authorization to serve Defendant by email. *Id.* After the case was transferred, and in response to the Court's inquiry, Plaintiff renewed her motion for alternative service on July 24, 2026. Dkts. 18, 19.

The Court denies Plaintiff's request to serve Defendant by email. The Court may authorize service by email only if service by that means is "not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). "Service by e-mail . . . is not among the 'approved methods of service' specified in the [Hague Service] Convention." *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, 480 F. Supp. 3d 977, 984 (N.D. Cal. 2020) (quoting *Water Splash, Inc. v. Menon*, 581 U.S. 271, 273 (2017)). And "any method of service not approved by the Convention is effectively prohibited." *Id.* (quoting Maggie Gardner, *Parochial Procedure*, 69 Stan. L. Rev. 941, 1000 (2017)); *see also Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, 177 F.4th 793, 800 (7th Cir. 2026) ("[T]he [Hague Service] Convention enumerates the available means of service and prohibits all others."); *accord Smart Study Co., Ltd v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164, 170 (2d Cir. 2025).

Plaintiff notes that in January 2026, Defendant submitted a copyright counter-notice to YouTube, in which Defendant, as required by the DMCA, 17 U.S.C. § 512(g)(3)(D), consented to accepting service from Plaintiff. Dkt. 8; *see also* Dkt. 8-1 at 1. Plaintiff then suggests that through the DMCA counter-notice, Defendant effectively waived service under Hague Service Convention. Not so. As other courts have explained, "the DMCA does not waive the requirements of the Hague Convention." *Cawthon v. Zhousunyijie*, 700 F. Supp.

3d 20, 26 (S.D.N.Y. 2023). Defendant's consent to "accept service of process" in the counter-notice was "consent to accept service effected by a particular person . . . not consent to accept service in a particular manner (via email)." *Safavieh Int'l, LLC v. Chengdu Junsen Fengrui Tech. Co., Ltd.-Tao Shen*, 2023 WL 3977505, at *2 (S.D.N.Y. June 13, 2023).

Plaintiff's request for permission to serve Defendant by alternative means, i.e., by email, is denied. Plaintiff must continue to pursue service under the Hague Service Convention.

**IT IS SO ORDERED.**

Dated: July 27, 2026

Alex G. Tse
United States Magistrate Judge